UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 99-4784

DARRELL LAMONT MCCOY,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-67-V)

Submitted: October 12, 2000

Decided: October 19, 2000

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Robert Jack Higdon, Jr., OFFICE
OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Darrell Lamont McCoy appeals from his conviction and the 120-month sentence imposed by the district court following his guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 2000). McCoy's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Although advised of his right to do so, McCoy has not filed a pro se supplemental brief. We dismiss.

McCoy signed a written plea agreement in which he agreed to waive his right to appeal his sentence or conviction, except for claims of ineffective assistance of counsel or prosecutorial misconduct. A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. If the district court fully questions a defendant during the plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, regarding the waiver of his right to appeal, generally the waiver is valid and enforceable. *See United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991).

The transcript of McCoy's's Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement. McCoy stated that he had reviewed the written plea agreement with his attorney and that he was satisfied with counsel's services.

The Government summarized the plea agreement, including the waiver provision. McCoy acknowledged that it was his signature on the plea agreement. He stated that he understood and agreed with the Government's summary. When the magistrate judge specifically

asked McCoy about the waiver, he stated that he understood he was waiving his right to appeal. On these facts, we find that McCoy's waiver was knowingly and intelligently given. Because the only claims McCoy's counsel raised are claims regarding the validity of his guilty plea and the calculation of his sentence, they are precluded by McCoy's valid waiver of his appeal rights and we dismiss the appeal on that basis.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. We therefore dismiss the appeal of McCoy's conviction and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*